

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-26-2005

# Carter v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4166

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Carter v. Comm Social Security" (2005). *2005 Decisions.* Paper 1125.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1125

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-4166

WILLIAM L. CARTER, III,

Appellant

v.

JO ANNE B. BARNHART, Commissioner
of Social Security

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 03-cv-01239
District Judge:  The Honorable Terrence F. McVerry

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2005

Before:  McKEE, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed: May 26, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

William L. Carter, III, appeals from an order of the United States District Court for

the Western District of Pennsylvania granting summary judgment to the Commissioner of

Social Security, thereby affirming the denial of Carter's application for disability

insurance benefits under Title II of the Social Security Act. The District Court had jurisdiction under 42 U.S.C. § 405(g). Appellate jurisdiction exists under 28 U.S.C. § 1291. Our review, like that of the District Court, is limited to whether the Commissioner's decision was supported by substantial evidence. *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted). We will affirm.

This appeal concerns Carter's third application for disability benefits. Carter's second application for benefits alleged that he was disabled as of May 15, 1995, as a result of arthritis and the residual effects of bilateral total knee replacements. After Carter waived his right to a hearing before an administrative law judge ("ALJ"), his second application was denied in a decision rendered by ALJ Herring on August 10, 1999.

Instead of seeking judicial review of the denial of his second application, Carter filed a third application on October 5, 1999. Like his earlier applications, Carter again alleged disability as a result of arthritis and the residual effects of bilateral total knee replacements, but he also recited the fact that he had been diagnosed on July 12, 1999 with diabetes mellitus. Prior to his hearing before ALJ Sturek, Carter amended the onset date of his disability from May 1995 to July 1999. In a decision dated October 25, 2000,

ALJ Sturek applied the familiar sequential analysis to Carter's amended claim, and concluded that Carter was not disabled under the Social Security Act. *See* 20 C.F.R. § 404.1520.

In determining that Carter was not disabled, ALJ Sturek found that the residual effects of Carter's knee replacements, his obesity and his diabetes mellitus were severe impairments, but that they did not satisfy the criteria of any of the impairments listed in Appendix 1 of the Social Security regulations. *See* 20 C.F.R. Subpart P, § 404, Appendix 1. ALJ Sturek further found that these impairments limited Carter to performing less than the full range of sedentary work. Although this residual functional capacity was incompatible with the demands of Carter's past relevant work, ALJ Sturek relied upon the testimony of the vocational expert and found that Carter's limitations did not preclude him from performing other work existing in the national economy.

Carter appealed to the District Court, arguing that ALJ Sturek erred by failing to reopen his second application for benefits to consider the evidence regarding the recent onset of diabetes mellitus. Carter also alleged error because ALJ Sturek had not incorporated into his decision ALJ Herring's earlier more restrictive findings regarding Carter's residual functional capacity. Carter contends that the earlier findings, together with the limitations imposed by his new diagnosis of diabetes mellitus, would have compelled the determination that he was disabled. According to Carter, *res judicata* required ALJ Sturek to incorporate ALJ Herring's residual functional capacity findings in

his adjudication of Carter's third application. In addition, Carter asserted that ALJ Sturek relied upon a defective hypothetical in determining his ability to perform other work, improperly discounted the opinions of his treating physicians, and failed to apply Social Security Rulings 00-3p and 96-7p.

In a thorough opinion, the District Judge affirmed the denial of Carter's third application for benefits. Failure to reopen the earlier application was not reversible error, according to the District Court, because ALJ Sturek fully considered the evidence and determined that Carter was not disabled. The District Court rejected Carter's contention that *res judicata* required ALJ Sturek to incorporate in his adjudication of Carter's claim for benefits the earlier findings of ALJ Herring. The Court pointed out that *res judicata* was an affirmative defense that could not be invoked as a shield, particularly in light of the new evidence regarding the onset of Carter's diabetes mellitus. In addition, the District Court determined that ALJ Sturek adequately explained the weight he accorded to the medical evidence of record and concluded that there was substantial evidence to support ALJ Sturek's decision that Carter was not disabled under the Social Security Act. Finally, the District Court determined that ALJ Sturek appropriately applied the Social Security Rulings.

After careful consideration of the briefs of the parties and the record before us, we agree with the District Court that ALJ Sturek's denial of Carter's claim is supported by substantial evidence. The affirmative defense of *res judicata* did not bind ALJ Sturek

4

because the record contained new evidence that was unavailable to ALJ Herring, and because the relief sought was limited to a determination that he was disabled from July 1999, instead of May 1995 as alleged in the earlier application. *See Purter v. Heckler*, 771 F.2d 682, 690 (3d Cir. 1985). In light of the difference of four years between the alleged onset date of disability in Carter's second and third application, there was no reason to reopen the earlier application.

We also conclude, contrary to Carter's assertions, that the opinions of his treating physicians were accorded great weight inasmuch as ALJ Sturek restricted Carter to less than the full range of sedentary work. We find no error by ALJ Sturek in discounting the opinions of Dr. Cantera and Dr. Galleta that Carter was unable to work because ALJ Sturek appropriately explained that these opinions were unsupported by objective medical evidence. For this reason, we agree with the District Court that the hypothetical posed to the vocational expert was not deficient and that ALJ Sturek did not err by relying on the vocational expert's opinion.

In sum, there is substantial evidence to support ALJ Sturek's decision that Carter was not disabled as of July 12, 1999. We will affirm the judgment of the District Court.